Filed 2/24/23  P. v. Yahnke CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Butte)

----

| | |
|---|---|
| THE PEOPLE, | C096618 |
| Plaintiff and Respondent, | (Super. Ct. No. 22CF01738) |
| v. | |
| COREY ALLEN YAHNKE, SR., | |
| Defendant and Appellant. | |

Defendant Corey Allen Yahnke, Sr., pled no contest to four sexual offenses involving a child under the age of 10 and the trial court sentenced him to four consecutive terms totaling 80 years, plus corresponding fines and fees.  On appeal, defendant contends counsel rendered ineffective assistance because he did not request concurrent prison terms for each count.  Citing *People v. Dueñas* (2019) 30 Cal.App.5th 1157, defendant also challenges the trial court's imposition of fines and fees without first conducting an ability to pay hearing.  Anticipating the People's argument for forfeiture,

defendant alternatively argues his counsel provided ineffective assistance when he failed to object to the fines and fees. We will affirm.

## BACKGROUND[1]

Over the course of nearly three years, defendant digitally penetrated, orally copulated, and sexually assaulted a child. The victim reported that during this same timeframe, defendant initiated sexual contact in several rooms at two apartments, and in multiple areas of a single family home.

Defendant pled no contest to two counts of sexual intercourse or sodomy with a child 10 years or younger (Pen. Code, § 288.7, subd. (a))[2] and two counts of oral copulation with a child 10 years or younger (§ 288.7, subd. (b)).

The probation department noted defendant did not have any income, real property, or assets. Defendant reported to the probation department that he did not have any outstanding debts. The probation department also noted defendant had a sixth grade education and an insignificant criminal history; the department's report included defendant's letter to probation.

At defendant's 2022 sentencing hearing, the trial court advised the parties it intended to follow the recommendation from the probation department and sentence defendant to an indeterminate term of 80 years to life. Defendant argued one mitigating factor given his admission of guilt and acceptance of responsibility.

The trial court cited California Rules of Court, rule 4.425 regarding the court's discretion to impose concurrent or consecutive sentences and concluded that the crimes were independent of each other and committed at different times and locations, and thus did not constitute a single period of abhorrent behavior. Based on this analysis, the trial

---

[1] The parties stipulated to the probation report as the factual basis for defendant's plea.

[2] Undesignated statutory references are to the Penal Code.

court sentenced defendant to four consecutive sentences including two 25-year-to-life sentences for each of the section 288.7 subdivision (a) crimes and two 15-year-to-life sentences for each of the section 288.7 subdivision (b) crimes.

In addition to the prison term, the trial court imposed the following fines, fees, and assessments: (1) a $160 court operations assessment under section 1465.8; (2) a $120 conviction assessment under Government Code section 70373; (3) a $300 restitution fine under section 1202.4; and (4) a suspended $300 restitution fine pursuant to section 1202.45. For each count, the court also imposed: (1) a $300 sex offender fine under section 290.3; (2) a $60 court surcharge under section 1465.7; (3) a $150 state court facilities fee under Government Code section 70372; (4) a $300 state penalty assessment under section 1464; (5) a $30 DNA fund fee under Government Code section 76104.6; (6) a $120 DNA identification fund fee under Government Code section 76104.7; and (7) a $210 county penalty assessment under Government Code section 76000. Despite having the opportunity, defendant did not introduce evidence he could not pay the sex offender fines nor did he object to imposition of the remaining fines and fees.

## DISCUSSION

### I

### *Ineffective Assistance of Counsel*

Defendant contends he received ineffective assistance of counsel when, during sentencing, his counsel failed to request concurrent as opposed to consecutive prison terms. Defendant has failed to show the lack of a specific argument on this point prejudiced him.

Defendant has the burden of proving ineffective assistance of counsel. (*Strickland v. Washington* (1984) 466 U.S. 668, 687.) Defendant must show that: (1) counsel's performance was deficient, falling below an objective standard of reasonableness under prevailing professional norms; and (2) the deficient performance resulted in prejudice. (*Id.* at pp. 693-694.) In resolving an ineffective assistance claim, "a court need not

3

determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant as a result of the alleged deficiencies." (*Id.* at p. 697.) "If it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice, . . . that course should be followed." (*Ibid.*)

The prejudice element in *Strickland* generally "must be affirmatively proved" by the defendant except in limited circumstances not applicable here. (*People v. Ledesma* (1987) 43 Cal.3d 171, 217.) In order to prove prejudice, the defendant "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." (*Strickland v. Washington*, *supra*, 466 U.S. at p. 694.) To show prejudice, "[i]t is not enough for the defendant to show that the errors had some conceivable effect on the outcome of the proceeding." (*Id.* at p. 693.)

During sentencing, the trial court imposed consecutive prison terms on each of the four section 288.7 counts. In imposing consecutive sentences pursuant to the California Rules of Court, rule 4.425, the trial court analyzed whether: (1) the crimes and their objectives were predominantly independent of each other; (2) the crimes involved separate acts of violence or threats of violence; or (3) the crimes were committed at different times or separate places such that they do not constitute a single period of aberrant behavior. (Cal. Rules of Court, rule 4.425(a)(1)-(3).) In considering rule 4.425, the trial court found each of the counts was independent of each other and each series of acts was committed at different times and locations, such that consecutive terms were appropriate. Indeed, defendant committed these sexual crimes at multiple residential locations—and in various manners—spanning the course of nearly three years. To the extent defendant argues counsel should have raised defendant's sixth grade education, lack of criminal history, early admission of guilt, or letter to the probation department, this information was included in the probation report and considered by the trial court. Defendant does not point to any other information the trial court should have considered

that would have affected its discretion to impose consecutive terms. Accordingly, we conclude there is no reasonable probability of a different result had counsel objected.

## II

### *Fines, Fees, and Assessments*

Relying on *People v. Dueñas*, *supra*, 30 Cal.App.5th 1157, defendant challenges imposition of the sex offender fines, as well as the additional fines, fees, and assessments. The People respond that defendant forfeited each of these claims by failing to object. Alternatively, defendant contends he received ineffective assistance of counsel. We disagree.

A. *Sex Offender Fines and Miscellaneous Fines, Fees, and Assessments*

A defendant generally forfeits a claim not first raised with the trial court, even if the claim is constitutional in nature. (*In re Sheena K.* (2007) 40 Cal.4th 875, 880-881.) Forfeiture applies to general claims relating to assessments, fines, and fees, as well as claims regarding fines imposed under section 290.3 where a defendant fails to object or assert an inability to pay them. (*People v. Acosta* (2018) 28 Cal.App.5th 701, 705; *People v. Greeley* (2021) 70 Cal.App.5th 609, 624.)

Under section 290.3, the trial court imposed mandatory fines totaling $1,170 for each of the four convictions. Defendant failed to object or assert an inability to pay the mandatory fines under section 290.3. Defendant forfeited this claim.

The trial court also imposed a restitution fine, a suspended revocation fine, a court operations assessment fee, and a criminal conviction assessment fee. The trial court then gave the parties the opportunity to raise an objection. Despite *Dueñas* being decided more than three years before defendant's sentencing, defendant did not object. Defendant forfeited his claims.

B. *Ineffective Assistance of Counsel*

As discussed *ante*, defendant must demonstrate prejudice to prevail on an ineffective assistance of counsel claim. (*Strickland v. Washington*, *supra*, 466 U.S. at p. 687.)

At the outset, we reject defendant's argument concerning meager future prison wages as evidence of his inability to pay. (*People v. Aviles* (2019) 39 Cal.App.5th 1055, 1077.) The court's review of a defendant's ability to pay is not limited to a defendant's present ability, but the review may also include defendant's ability to obtain prison wages. (*People v. Hennessey* (1995) 37 Cal.App.4th 1830, 1837.)

At sentencing, the trial court reviewed the probation report, which noted defendant did not have any debts, income, property, or assets. Defendant does not identify the additional information the trial court should have considered before imposing fines and fees. Considering the information presented, the trial court imposed the statutory minimums for restitution under section 1202.4, court operations assessment under section 1465.8, and conviction assessment under Government Code section 70373. Lastly, the court imposed the statutory minimums for each of the four sex offender counts under section 290.3. Defendant has not established it was reasonably likely that had counsel objected, the result would have been different.

Defendant's ineffective assistance claim fails.

DISPOSITION

The judgment is affirmed.

                                                  /s/
                                           BOULWARE EURIE, J.

We concur:

     /s/
ROBIE, Acting P. J.

     /s/
MAURO, J.

7